Ana Rodriguez
7911 Arlington Ave. #363
Riverside, CA 92503
IN PRO PER

FILED
2024 JUL 17 AM 11:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA RODRIGUEZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PEPPERTREE PLACE APARTMENTS SPE LLC, a Corporation; JHON DOE 1-10 Inclusive,<br><br>Defendant. | ED CV 24 - 01492-JGB(SPx)<br><br>COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND FAIR HOUSING ACT |

## INTRODUCTION

1. Plaintiffs Ana Rodriguez brings this action against Defendant Peppertree Place Apartments SPE LLC for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq., for failing to provide

reasonable accommodations and retaliating against them for requesting such accommodations for their disabled child.

**PARTIES**

2. Plaintiffs Ana Rodriguez is residents of Riverside, California, residing at 7911 Arlington Ave. #363, Riverside, CA 92503.

3. Defendant Peppertree Place Apartments SPE LLC is a property management company operating in Riverside, California.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal statutes, the ADA and the FHA.

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in this district.

**FACTUAL ALLEGATIONS**

1. Plaintiff, Ana Rodriguez, resides at 7911 Arlington Ave. #363, Riverside, CA 92503. This property is managed and controlled by the Defendant, who is responsible for maintaining and ensuring the habitability of the premises.

2

2.     Plaintiff's child, Bryan Antonio Rodriguez, has a disability known as hemimelia. This congenital condition is characterized by the partial or complete absence of the distal part of a limb, specifically affecting his left leg. As a result, Bryan experiences severe limitations in his mobility, requiring specialized care and accommodations to navigate his environment safely and effectively.

3.     In recognition of her child's disability, Plaintiff made multiple formal and informal requests to Defendant for reasonable accommodations. These requests included specific modifications to the living environment, such as installing ramps, handrails, and other accessibility features, to facilitate her child's mobility and ensure his safety. These accommodations were necessary to provide her child an equal opportunity to use and enjoy the housing, as mandated by federal law.

4.     Despite the clear and documented need for these accommodations, Defendant either denied or ignored Plaintiff's requests. The requested modifications would have imposed a minimal financial and logistical burden on the Defendant while significantly enhancing the safety and quality of life for Bryan. The Defendant's refusal to engage in an interactive process to explore these reasonable accommodations demonstrates a disregard for the Plaintiff's rights under the law.

5.     As a direct result of Defendant's failure to provide the requested reasonable accommodations, Plaintiff has suffered significant stress and emotional distress. The continuous struggle to ensure her child's safety in an inadequately adapted living environment has disrupted Plaintiff's daily life and responsibilities. The lack of

necessary modifications has placed both physical and emotional strain on the Plaintiff, exacerbating her anxiety and concern for her child's well-being.

6. Instead of providing a safe environment for Bryan, Defendant constructed an eviction scenario by rejecting the rent payment for April 2024, thereby fabricating grounds for eviction. This act demonstrates a clear intent to retaliate against the Plaintiff for her repeated requests for accommodations.

7. Defendant issued a unfair eviction notice to Plaintiff. Plaintiff believes that this eviction notice was issued in retaliation for her persistent requests for reasonable accommodations for her child's disability. The timing and circumstances of the eviction suggest that the Defendant's actions were punitive, aimed at discouraging the Plaintiff from exercising her legal rights. This retaliatory eviction has caused significant anxiety and uncertainty for Plaintiff and her child, compounding the emotional distress already experienced.

8. The eviction notice and Defendant's actions have exacerbated Bryan's condition, limiting his access to necessary medical care and accommodations, which are crucial for his health and well-being.

9. Plaintiff has actively participated in legal proceedings to defend her right to remain in her home, filing timely responses, discovery requests, and motions to compel, demonstrating her commitment to protecting her child's rights and ensuring his safety

COUNTS

**Count I: Violation of the Fair Housing Act (FHA) – Failure to Provide Reasonable Accommodations**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's refusal to provide the requested reasonable accommodations, including modifications to the living environment necessary for Bryan Antonio Rodriguez's mobility and safety, constitutes a violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B).

3. As a direct and proximate result of Defendant's actions, Plaintiff and her child have suffered and continue to suffer significant harm, including but not limited to emotional distress, anxiety, and disruption of their daily lives.

**Count II: Violation of the Americans with Disabilities Act (ADA) – Discrimination**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's actions in denying reasonable accommodations and retaliating against Plaintiff for requesting such accommodations constitute discrimination based on disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182(b)(2)(A)(ii).

3. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff and her child have suffered and continue to suffer substantial harm, including emotional

distress and compromised health and well-being.

**Count III: Violation of the Fair Housing Act (FHA) – Retaliation**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's issuance of an eviction notice in retaliation for Plaintiff's requests for reasonable accommodations constitutes a violation of the Fair Housing Act, 42 U.S.C. § 3617.

3. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff and her child have suffered and continue to suffer significant harm, including emotional distress and instability in their housing situation.

**Count IV: Violation of Due Process Rights**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's failure to properly notify Plaintiff of the trial date, resulting in a judgment in her absence, constitutes a violation of Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

3. As a direct and proximate result of this due process violation, Plaintiff has suffered and continues to suffer significant harm, including the denial of a fair hearing and subsequent unjust eviction proceedings.

**Count V: Constructive Eviction**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's actions in rejecting Plaintiff's rent payment for April 2024, fabricating grounds for eviction, and refusing to provide reasonable accommodations constitute a constructive eviction.

3. As a direct and proximate result of Defendant's actions, Plaintiff and her child have suffered and continue to suffer significant harm, including emotional distress, financial strain, and disruption of their stable living environment.

**Count VI: Impact on Health and Well-Being**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's actions, including the refusal to provide reasonable accommodations and the eviction process, have severely impacted Bryan Antonio Rodriguez's health and stability, limiting his access to necessary medical care and accommodations.

3. As a direct and proximate result of Defendant's actions, Bryan's medical treatment and overall well-being have been compromised, causing significant distress and harm to Plaintiff and her child.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Declaratory relief that Defendant's actions violated the Fair Housing Act,

Americans with Disabilities Act, and Plaintiff's due process rights.

2. Injunctive relief requiring Defendant to provide the requested reasonable accommodations and cease any retaliatory eviction proceedings.

3. Compensatory damages in the amount of $500,000 for emotional distress, anxiety, and other harm suffered by Plaintiff and her child.

4. Statutory penalties for violations of the Fair Housing Act and the Americans with Disabilities Act, as determined by the Court.

5. Punitive damages in the amount of $1,000,000 to deter Defendant from engaging in similar unlawful conduct in the future.

6. Attorney's fees and costs incurred in bringing this action.

7. Any other relief that this Court deems just and proper.

**DATED:** June 16, 2024

*Ana Rodriguez*

Ana Rodriguez, Plaintiff, In Pro Per

8