JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1492 JGB (SPx)** | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Ana Rodriguez v. Peppertree Place Apartment SPE LLC* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) Dismissing Action for Failure to Prosecute and Failure to Follow the Court's Orders and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

    On July 17, 2024, pro se plaintiff Ana Rodriguez ("Plaintiff" or "Rodriguez") filed a complaint against Peppertree Place Apartment SPE, LLC ("Defendant") and Does 1-10, inclusive. ("Complaint," Dkt. No. 1.) The Complaint alleges six causes of action: (1) failure to provide reasonable accommodations in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f)(3)(B); (2) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(b)(2)(A)(ii); (3) retaliation in violation of the FHA, 42 U.S.C. § 3617; (4) violation of due process under the Fourteenth Amendment; (5) constructive eviction; and (6) impact on health and well-being. (Id.) Plaintiff Rodriguez served Defendant with the Summons and Complaint on September 5, 2024. ("Proof of Service, Dkt. No. 12.) On September 26, 2024, Defendant timely answered the Complaint. ("Answer," Dkt. No. 13.)

    On October 16, 2024, the Court issued an order setting a scheduling conference for Monday, January 13, 2025 at 11:00 a.m. ("Order Setting Scheduling Conference," Dkt. No. 24.) Pursuant to Federal Rule of Civil Procedure 26(f) ("Rule 26(f)"), Local Rule 26, and this Court's Order, the parties were required to "confer on a discovery plan not later than 21 days before the scheduling conference and to e–file a Joint Rule 26(f) Report with the Court not later than 14 days before the conference." (Order Setting Scheduling Conference at 2 (internal quotations omitted)); see also Fed. R. Civ. P. 26(f); L.R. 26. Accordingly, the parties were required to meet and confer on or before December 23, 2024 and file a Joint 26(f) Report no later than December 30, 2024. The Order Setting Scheduling Conference also stated that "[t]his

Court does not exempt parties appearing *in propria persona* from compliance with any of the Local Rules." (Order at 2.)

On December 13, 2024, Defendant filed a Motion to compel Plaintiff Rodriguez's compliance with the Order Setting Scheduling Conference. ("Motion to Compel," Dkt. No. 28.) The Motion to Compel alleged that Defendant served Plaintiff Rodriguez with letters seeking to meet and confer in accordance with Rule 26(f) on October 7, 2024, November 12, 2024, and December 3, 2024, but that Plaintiff Rodriguez failed to meet and confer with Defendant or respond to any correspondence. (Motion to Compel at 3-5.) Plaintiff Rodriguez failed to file an opposition. (See Dkt. No. 30.)

On January 9, 2025, this Court issued an order (1) compelling Plaintiff Rodriguez to meet and confer with Defendant on or before February 3, 2025 and file a Joint 26(f) Report on or before February 10, 2025 and (2) continuing the scheduling conference to February 24, 2025 at 11:00 am. ("Order to Compel," Dkt. No. 32.) Plaintiff Rodriguez was "admonished and warned that failure to comply with procedural requirements and with this Court's orders will result in involuntary dismissal of her case." Id. at 2.

On February 4, 2025, Defendant filed a Motion to dismiss the action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with this Court's orders. ("Motion," Dkt. No. 34.) In the alternative, Defendant seeks "monetary sanctions for discovery abuse per Fed. R. Civ. P. 37(f) based on Plaintiff's failure to comply with this Court's discovery orders." (Motion at 8-10.) The Motion alleges that Plaintiff Rodriguez has again not responded to Plaintiff's attempt meet and confer. (Motion at 5.)

A Joint 26(F) Report was not filed by the February 10, 2025 deadline. To date, Plaintiff Rodriguez has not requested more time nor explained why she has failed to comply with this Court's orders.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff Rodriguez failed to prosecute the case with reasonable diligence by twice failing to meet and confer with Defendant and twice failing to file an opposition or notice of non-opposition pursuant to Local Rule 7-9. (See Dkt. Nos. 25, 30.) Furthermore, Plaintiff Rodriguez has twice failed to comply with this Court's orders: the Order Setting Scheduling Conference and the Order to Compel. Plaintiff has also failed to follow Rule 26(f) and Local Rule 26. No explanation has been given for these repeated failures.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and

(5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. Plaintiff has unreasonably delayed this action without explanation by failing to meet and confer with Defendant and failing to meaningfully participate in or advance her case. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." Ferdik, 963 F.2d at 1261; see also Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).

Additional delay will prejudice Defendant, forcing it to spend needless resources defending this action. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay."). Moreover, less drastic sanctions are not realistic. The Court has already issued an Order to Compel Plaintiff's compliance with Rule 26(f), Local Rule 26, and this Court's orders. In its Order to Compel, the Court clear instructed Plaintiff that "[t]o avoid dismissal of her case, Plaintiff Rodriguez must meet and confer with Defendant [and] file a Joint 26(f) Report on or before February 10, 2025." (Order to Compel at 3.) The Order to Compel fulfilled the Court's "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). "[A] district court's warning to a party that [her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)). In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety. See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to prosecute and failure comply with court orders and **DIRECTS** the Clerk to close the case. Defendant's Motion (Dkt. No. 34) is rendered **MOOT**. All dates in this case are **VACATED**.

**IT IS SO ORDERED.**